**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LAVELLE PATTERSON,

      Plaintiff,

      v.

CINCINNATI POLICE DEPARTMENT,

      Defendant.

Case No. 1:22-cv-490

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On August 22, 2022, Plaintiff Lavelle Patterson, proceeding *pro se*, filed an application to initiate litigation without payment of a filing fee against the Cincinnati Police Department.  By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is now before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).  For the reasons that follow, Plaintiff's complaint should be DISMISSED.

### I.     Background

In the above-captioned case, Plaintiff alleges that the police have been "harassing [her] and discriminating" against her. (Doc. 1-2 at 3, PageID 8). In support of this accusation, she alleges that police have been using surveillance devices on her "for nearly 9 years," which has "compelled me [Plaintiff] to run into cars unwillingly."  (*Id.*)  She further alleges that unidentified police officers have "sabotaged many of my jobs" leading to financial struggles and difficulties with "maintaining housing."  (*Id.*)  She alleges that

1

she has submitted citizen complaints with the police department to no avail, leading her to file this federal lawsuit.  (*Id.*)

Among the exhibits attached to the complaint form is an email to someone named "Katherine C. Weber" that appears to set forth additional allegations regarding Plaintiff's identity as a "trans female" and that alleges a "consistent pattern of corruption of law enforcement" in Plaintiff's prior state of residence, Pennsylvania.  Plaintiff alleges that the police corruption "followed me" when she moved to Cincinnati in June of 2021.  (Doc. 1-2 at 4, PageID 9).  The email exhibit sets forth Plaintiff's account of a 2018 rape she states was committed against Plaintiff by the son of a "former narcotics officer" in Pennsylvania, along with other violence she states she experienced over the years.  Plaintiff further alleges that she was the victim of a "hit and run accident" in Cincinnati, Ohio, and that Cincinnati police "violated HIPPA by disclosing [her] medical records without verbal or written consent."  (*Id*.)  She also alleges discrimination when she reported a stolen car to police "earlier this year."  (*Id.*)

As relief, Plaintiff seeks an order relieving unidentified Cincinnati police officers "assigned to surveilling me" from their duties, as well as a mandate requiring the police department to "to complete a sensitivity 101 and a culture diversity 101."  (Doc. 1-2 at 6, PageID 11).  Plaintiff also seeks $20,000 for emotional distress "caused by the surveillance devices utilized," for all surveillance to "cease and desist," and for the City and the Mayor to "make a public apology to [the] LGBTQ community…" for allegedly excluding them from "equal and fair treatment."  (*Id*.)

Most of Plaintiff's 77-page complaint is comprised of an odd collection of emails and a wide range of documents spanning from a car insurance records to records from cases filed by Plaintiff in other jurisdictions.   On August 29, 2022, Plaintiff filed a "Notice of Additional Documents" which the undersigned construes as a collection of additional

exhibits.  The relationship between the various exhibits and the allegations contained in the complaint are tangential at best.

> ## II.    Screening Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).   To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.

In addition, an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token,

3

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### III.    Analysis

The allegations in Plaintiff's lengthy complaint are rambling and difficult to follow. As best the undersigned can discern, Plaintiff believes that police officers have unlawfully used surveillance against Plaintiff for many years, have caused her to crash cars, have discriminated against her based on her identity as a transgender female, and have engaged in corrupt police practices to cover up past wrongdoings against her.  Though not entirely clear, Plaintiff appears to believe that the Cincinnati Police Department has

4

acted in concert with a police department near her former place of residence in Pennsylvania. The undersigned takes judicial notice of the fact that Plaintiff has filed five prior civil rights cases, all of which have been dismissed, in the Eastern District of Pennsylvania. Some of those prior cases contain related allegations against the police and certain individuals in Pennsylvania. *See e.g., Patterson v. Barbee*, Case No. 2:20-cv-652-MMB; *Patterson v. Butler*, Case No. 2:20-cv-05972-MMB; *Patterson v. Butcher*, Case No. 2:19-cv-02512-MMB; *Patterson v. Chester Police*, Case No. 2:18-cv-04410-MMB; *Patterson v. George W. Hill Correctional Facility*, 2:10-cv-02051-MMB.

Liberally construed, the above-captioned complaint alleges a violation of Plaintiff's civil rights. However, Plaintiff has failed to state any claim. First and foremost, Plaintiff's factual allegations are illogical to the point of being incomprehensible. The complaint as a whole is fairly described as fantastical or delusional, with no factual content or context from which the Court may reasonably infer that the City of Cincinnati Police Department violated any of Plaintiff's rights. Plaintiff therefore fails to state any viable claim against the City of Cincinnati as a matter of law. Because the undersigned recommends dismissal of all federal claims in this case for failure to state a claim, any potentially related state claims also should be dismissed.

In addition to the fantastical or delusional nature of the complaint, it is subject to dismissal based upon its legal deficiencies. "To state a viable claim under 42 U.S.C. § 1983, a plaintiff 'must allege that she was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law.'" *Smith v. Detroit Entertainment L.L.C.*, 338 F.Supp.2d 775, 778 (E.D. Mich. 2004) (quoting *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir.1992)). The Cincinnati Police Department is "a mere arm of the City" and "not its own entity" and is therefore "not capable of being sued." *Hale v. Vance*, 267 F.Supp.2d 725, 737 (S.D. Ohio

2003); *see also Rhodes v. McDaniel*, 945 F.2d 117, 12 (6th Cir. 1991) (Police Departments are part of a larger political subdivision and cannot be sued).

Even if construed as a suit against the City of Cincinnati, Plaintiff fails to state any cognizable claim under 42 U.S.C. § 1983. While the City of Cincinnati is a governmental entity that could theoretically act under color of state law, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245-46 (6th Cir.1989). Plaintiff does not allege any specific policy or custom by the Cincinnati Police Department that allegedly caused her injuries. This Court will not infer allegations that are not pleaded. *Accord Stump v. City of Mount Vernon*, 2019 WL 176325, at *2 (S.D. Ohio Jan. 11, 2019) (dismissing on initial screening complaint where plaintiff failed to allege that any official policy or custom resulted in the violation of his constitutional rights).

## IV.    Conclusion and Recommendation

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, **IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

 _s/Stephanie K. Bowman_____
 Stephanie K. Bowman
 United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LAVELLE PATTERSON,                                          Case No. 1:22-cv-490

        Plaintiff,                                          McFarland, J.
                                                            Bowman, M.J.
        v.


CINCINNATI POLICE DEPARTMENT,

        Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).