UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAVELLE PATTERSON, | Case No. 1:22-cv-490 |
| Plaintiff, | McFarland, J.<br>Bowman, M.J. |
| v. | |
| CINCINNATI POLICE DEPARTMENT, et al., | |
| Defendants. | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On August 22, 2022, Plaintiff Lavelle Patterson, proceeding pro se, tendered a complaint against the Cincinnati Police Department. Plaintiff was granted leave to proceed *in forma pauperis*, and by Report and Recommendation ("R&R") filed on September 2, 2022, the undersigned recommended dismissal of Plaintiff's lawsuit pursuant to 28 U.S.C. §1915(e)(2)(B).

On September 6, 2022, Plaintiff filed an amended complaint in order to add Venture Communities as a Defendant. (Doc. 6). In the interests of judicial economy, the analysis of the prior R&R is incorporated in its entirety. This Supplemental R&R therefore is limited to the additional claim(s) stated by Plaintiff against Venture Communities in her amended complaint.

**I.   Background**

In general, Plaintiff alleged in her initial complaint that the police have been "harassing [her] and discriminating" against her. (Doc. 1-2 at 3, PageID 8). In support of this accusation, she alleges that police have been using surveillance devices on her "for nearly 9 years," which has "compelled me [Plaintiff] to run into cars unwillingly." (*Id.*) She further alleges that unidentified police officers have "sabotaged many of my jobs" leading

1

to financial struggles and difficulties with "maintaining housing." (*Id.*) She alleges that she has submitted citizen complaints with the police department to no avail, leading her to file this federal lawsuit. (*Id.*) Plaintiff also alleges in her original complaint as well as in her newly amended complaint that she identifies as a "trans female." The original complaint alleges a "consistent pattern of corruption of law enforcement" in Plaintiff's prior state of residence, Pennsylvania, and that the police corruption "followed me" when she moved to Cincinnati in June of 2021. (Doc. 1-2 at 4, PageID 9).

Plaintiff's amended complaint contains virtually identical allegations. She alleges, for example, a "consistent pattern of corruption of law enforcement in both states, Pennsylvania and Ohio that began in Delaware County Pennsylvania and followed me to Cincinnati Ohio June of 2021." (Doc. 6 at 2, PageID 179 (email exhibit attached to amended complaint)). In her amended complaint, she also repeats prior allegations that police "have been using [] surveillance devices for nearly 9 years" against her that have "compelled me to run into cars unwillingly," and have "destroyed 5 cars in Pennsylvania," and "sabotaged many of my jobs…." (Doc. 6 at 4, PageID 181).

The most significant difference between the initial and amended complaints is the addition of Venture Communities as a Defendant. Plaintiff alleges that Venture Communities

> []knowingly and intentionally allowed Cincinnati police department [to] install audio and visual devices in my apartment without my consent. They also have tenants as informants working with them. Gross violation of my privacy rights. According to the no one has the right to record me especially while I using my bathroom, bedroom or any where else without my knowledge of it. Wrongly surveillance is obvious. I asked the court to prosecute Cincinnati police department to fullest extent of the law. Venture Communities knowingly and intentionally allowed Cincinnati police department to install audio and visual devices in my apartment.

(*Id.* at 4, PageID 181 (minimal corrections as shown for legibility)).

2

For the same reasons expressed in the prior R&R, which is fully incorporated as if restated herein, the undersigned recommends dismissal of the amended complaint. Plaintiff's additional allegations against the newly identified Defendant, Venture Communities, do not cure her failure to state any cognizable claim against either Defendant. Plaintiff's factual allegations are illogical to the point of being incomprehensible. The complaint as a whole is fairly described as fantastical or delusional, with no factual content or context from which the Court may reasonably infer that either the City of Cincinnati Police Department or Venture Communities violated any of Plaintiff's rights.

## II. Conclusion and Recommendation

For the reasons stated above and in the prior R&R filed on September 2, 2022, Plaintiff's original complaint and amended or supplemental complaint (to add Venture Communities) are equally deficient and fail to state a claim upon which relief may be granted. Therefore, **IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAVELLE PATTERSON,                                           Case No. 1:22-cv-490

       Plaintiff,                                                   McFarland, J.
                                                                       Bowman, M.J.

v.

CINCINNATI POLICE DEPARTMENT, et al.,

       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).